**Milika K. RAKAI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71200.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed June 30, 2008.

Milika K. Rakai, San Francisco, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Milika Rakai, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

We do not reach Rakai's claim that extraordinary circumstances excused the untimely filing of her asylum application because she waived any challenge to the agency's dispositive finding that she was ineligible for asylum because she had firmly resettled in Australia. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996); 8 C.F.R. § 208.13(c)(2)(B) (an applicant may not be granted asylum if she "was firmly resettled in another country prior to arriving in the United States."). Similarly, because Rakai fails to address withholding of removal or CAT relief in her brief, those issues are waived. *See id.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). Rakai has not established that she was prejudiced by the denial of her third request for a continuance or by alleged bias of the IJ, because nothing in the record shows that she was eligible for any form of relief from removal. *See Vargas–Hernandez v. Gonzales,* 497 F.3d 919, 926 (9th Cir.2007) (petitioner cannot show she was prejudiced by alleged bias where nothing in the record shows that she was eligible for any form of relief from removal).

**PETITION FOR REVIEW DENIED.**